# 848 CASES REPORTED WITH BRIEF SYLLABI.

and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

PAUL TRAUB, Respondent, v. OLIVER C. BRYANT and JOHN F. SIEGEL, Doing Business under the Firm Name and Style of THE FUEL OIL BURNER ENGINEERING COMPANY, Appellants. (Appeal No. 1.) — Order granting motion to consolidate actions affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

PAUL TRAUB, Respondent, v. OLIVER C. BRYANT and JOHN F. SIEGEL, Doing Business under the Firm Name and Style of THE FUEL OIL BURNER ENGINEERING COMPANY, Appellants. (Appeal No. 2.) — Order granting plaintiff's motion for discovery and inspection modified by changing the place of inspection and discovery and examination to the office of defendants and by limiting the examination of defendant Bryant to particulars numbered 1 and 2, specified in the order. As so modified, the order is affirmed, without costs. No opinion. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

LOUIS A. VAN DYK and WILLIAM S. LASDON, Respondents, v. VICTOR UTGOFF, Appellant, and IWAN OSTROMISLENSKY, Defendant.— Order denying motion of defendant Utgoff for judgment on the pleadings reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The denials in the reply, of paragraphs 20 and 21 of the second affirmative defense in the amended answer, raise no issue of fact, because these denials relate to conclusions of law or are frivolous denials of fact by reason of the admission by plaintiffs of the other allegations of the second affirmative defense. These admitted facts established a ratification which precludes reformation or rescission of the contract involved so far as the rights thereunder of defendant Utgoff are concerned. Lazansky, P. J., Rich, Young and Carswell, JJ., concur; Seeger, J., dissents.

JACOB ZELLNER, Respondent, v. ABRAHAM GROSNAS and IRA SCHWARTZ, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

WIJA BUILDING CORPORATION, Respondent, v. KAY-WEI BUILDING CORPORATION, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. Concededly the time fixed by the contract for the closing of the title was adjourned indefinitely. By the waiver, time, as an essential element of the contract, was removed therefrom, but could have been restored by a reasonable notice demanding performance. This was not done. The plaintiff was granted judgment establishing a lien for the amount paid on the contract together with reasonable expenses for searching the title. We are of opinion that there was no insurmountable difficulty in clearing the title and that compliance with the terms of the contract was not beyond the power of appellant  Therefore, the respondent vendee was not relieved of the necessity of making a tender and demand of performance as a condition precedent to the maintenance of an action to recover money paid on the contract, or for damages as for a breach of the contract on the part of the vendor. (*Ziehen* v. *Smith*, 148 N. Y. 558; *Higgins* v. *Eagleton*, 155 id. 466; *Vandegrift* v. *Cowles Engineering Co.*, 161 id. 435.) In *Warner* v. *Doscher* (213 App. Div. 117, affd., 241 N. Y. 605) and *Lese* v. *Lawson* (118 App. Div. 254), cited by respondent, the vendee was held not to be in default for failure to make a tender because the title